**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND T. NAKANO, | No. 12-70992 |
| Petitioner - Appellant, | Tax Ct. No. 24600-08L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court
Elizabeth Crewson Paris, Tax Court Judge, Presiding

Submitted January 16, 2014**
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

Petitioner Raymond T. Nakano seeks review of the Tax Court's final

decision sustaining the Office of Appeals' determination that upheld the Appellee

Commissioner of the Internal Revenue Service's ("Commissioner") administrative

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

collection action under 26 U.S.C. § 6672 for unpaid excise taxes. For the reasons that follow, we affirm.

1. The Commissioner did not abuse his discretion in determining that notice and demand under 26 U.S.C. § 6303(a) had been satisfied in a timely manner. See Fargo v. Comm'r, 447 F.3d 706, 709 (9th Cir. 2006) (reviewing the Commissioner's decision for abuse of discretion); Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990) ("The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)."). Petitioner received, within 55 days of his assessments, final notices of intent to levy and opportunity for hearing, 26 U.S.C. §§ 6330, 6331(d), that included the amount owed and a request for payment in satisfaction of § 6303. See Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992).

2. Petitioner's challenge to the sufficiency of the Notice of Determination also fails. The Notice of Determination stated sufficiently that it sustained the administrative collection action because the Commissioner had satisfied notice and demand under § 6303. See Alaska Dep't of Envt'l Conservation v. EPA, 540 U.S. 461, 497 (2004) ("Even when an agency explains its decision with less than ideal

2

clarity, a reviewing court will not upset the decision on that account if the agency's path may be reasonably discerned." (internal quotation marks omitted)).

3. The Tax Court did not err in disregarding Plaintiff's challenge to ex parte communications, which he raised for the first time in a post-trial reply brief. See Matthies v. Comm'r, 134 T.C. 141, 155 n.14 (2010) ("As a general rule, this Court will not consider issues first asserted on brief. When issues are presented in the reply brief only, there is even stronger reason to disregard them." (citation omitted)). In any event, the Tax Court's decision was reasoned sufficiently on all arguments properly before it. See Leonard Pipeline Contractors, Ltd. v. Comm'r, 142 F.3d 1133, 1135 (9th Cir. 1998) (stating the standard for sufficient reasoning as that the Tax Court must "bring together the disparate elements and give some account of how the judge has reached his conclusion").

4. The Office of Appeals did not violate the prohibition on ex parte communications by relying on advice from the Office of Chief Counsel in reaching an independent determination. See Rev. Proc. 2000-43, 2000-2 C.B. 404, superseded by Rev. Proc. 2012-18, 2012-10 I.R.B. 455 (providing explicitly that the prohibition on ex parte communications does not apply to communications between the Office of Appeals and the Office of Chief Counsel, subject to some limited exceptions not applicable here).

**AFFIRMED.**

3