**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-113

UNITED STATES TAX COURT

BABAK ROSHDIEH, M.D. CORP., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9907-13S L.                    Filed December 29, 2014.

Mike Austin (corporate officer), for petitioner.

Jeffrey Rice and Amy B. Ulmer, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Pursuant to section 6330(d)(1), petitioner seeks review of the determination by the IRS Office of Appeals that it is liable for a penalty under section 6699 for failing to timely file a return under section 6037 for 2010.  We sustain respondent's determination and hold that petitioner is so liable.

Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the stipulated facts and the related exhibits.

Petitioner is a single-shareholder S corporation.  When its petition was filed with the Court, both its principal place of business and its principal office were in the State of California.

As an S corporation petitioner is required to make an annual return pursuant to section 6037.[2]  Petitioner's returns for 2002 through 2012, specifically

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code (Code) in effect for 2010, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Subsec. (a) of sec. 6037, which is entitled "Return of S Corporation", provides in part as follows:

(continued...)

including petitioner's return for 2010, the taxable year in issue, were prepared by

Mike Austin, who also serves as petitioner's corporate secretary and holds a power

of attorney from petitioner.[3]

Petitioner has a history of filing late the returns prescribed by section 6037.

For 2002 through 2012, specifically for 2010 as discussed below, petitioner did

not timely file those returns.[4]

---

[2](...continued)

     SEC. 6037(a). In General.--Every S corporation shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowable by subtitle A, the names and addresses of all persons owning stock in the corporation at any time during the taxable year, the number of shares of stock owned by each shareholder at all times during the taxable year, the amount of money and other property distributed by the corporation during the taxable year to each shareholder, the date of each such distribution, each shareholder's pro rata share of each item of the corporation for the taxable year, and such other information, for the purpose of carrying out the provisions of subchapter S of chapter 1, as the Secretary may by forms and regulations prescribe. * * *

[3] Mike Austin holds a bachelor's degree from California State University at Fresno in business administration, management, and accounting. He is also the managing partner of Austin, Austin & Co., Inc., a California corporation that offers tax preparation services.

[4] The record does not disclose whether petitioner timely filed its return for 2013. The transcript of account for 2013 is dated a few days before the extended due date for that return and hence does not reveal whether a return was timely filed for that year.

As a calendar year S corporation, petitioner's return for 2010 was due on March 15, 2011. <u>See</u> sec. 6072(b); sec. 1.6037-1(b), Income Tax Regs. At trial Mr. Austin testified that on March 15, 2011, he mailed to respondent by regular, first-class mail a Form 7004, Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns, for 2010. Mr. Austin testified further that he rarely, if ever, used certified or registered mail. In contrast, respondent's official records do not reflect the receipt of any Form 7004 for 2010.[5]

On January 31, 2012, respondent received from petitioner by regular, first-class mail a Form 1120S, U.S. Income Tax Return for an S Corporation, for 2010, which form constituted petitioner's return pursuant to section 6037 for that year.[6]

On the basis of petitioner's failure to timely file a return for 2010, respondent assessed a penalty under section 6699 of $2,145 and sent petitioner a notice of balance due on March 12, 2012. <u>See</u> secs. 6303, 6699(c) and (d).

---

[5] Certified transcripts of petitioner's accounts for 2002 through 2013 show that respondent received Forms 7004 for only 6 of those 12 tax years despite the fact that petitioner never filed its return for any of those years by the statutory due date.

[6] The record does not include the envelope in which the return was mailed, so the postmark date that may have appeared on the envelope is not known. At trial Mr. Austin testified that the return was mailed on or about October 15, 2011, but he introduced no documentary evidence in support of his testimony.

Petitioner did not pay the outstanding liability. Accordingly, after issuing several preliminary collection notices, respondent sent to petitioner on July 17, 2012, a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing. In response, petitioner timely mailed a Form 12153, Request For A Collection Due Process Or Equivalent Hearing.

Respondent received petitioner's request and forwarded the case to the IRS Office of Appeals. After some preliminary correspondence between the parties, including a letter from Mr. Austin arguing that petitioner could not have a liability because it was an S corporation that paid at the individual level, the settlement officer conducted an administrative hearing on December 14, 2012. At the hearing the parties discussed the underlying liability, with the settlement officer explaining that it arose from the late filing of petitioner's Form 1120S for 2010.

On January 3, 2013, the settlement officer received a letter from Mr. Austin regarding petitioner's position on the late-filing penalty and enclosing, inter alia, an undated Form 7004. On February 26, 2013, the settlement officer left a voicemail message for Mr. Austin explaining that the late-filing penalty was calculated at a rate of $195 per shareholder per month and proposing, apparently for settlement purposes, a partial abatement of the late-filing penalty.

On March 1, 2013, the settlement officer and Mr. Austin held another conference. As in a prior communication, the settlement officer again explained that the late-filing penalty was calculated at a rate of $195 per shareholder per month. Shortly thereafter, the settlement officer received a letter from Mr. Austin dated March 2, 2013, acknowledging the prior day's telephone conference and stating that petitioner disagreed with the determination to only reduce (and not eliminate) the late-filing penalty for 2010. Mr. Austin also expressly acknowledged in his letter how the late-filing penalty was calculated: "$195 × 1 person × 11 months = $2145."[7]

On March 13, 2013, the settlement officer received another letter from Mr. Austin again rejecting the settlement officer's offer to partially abate the late-filing penalty.

On April 3, 2013, after the settlement officer had verified that the requirements of applicable law and administrative procedure were satisfied, respondent sent petitioner a notice of determination sustaining the proposed

---

[7] At some point during the administrative process, Mr. Austin was either provided with a copy of, or his attention was directed to, highlighted portions of the official instructions for Form 1120S for 2010 regarding "[l]ate filing of return" and stating in pertinent part that "[f]or returns on which no tax is due, the penalty is $195 for each month or part of a month (up to 12 months) the return is late".

collection action.[8]  The notice of determination discussed petitioner's failure to timely file a Form 1120S for 2010 and explained that the late-filing penalty was calculated at a rate of $195 per shareholder per month.

Petitioner timely filed a petition commencing the instant case, alleging therein that it is not liable for any late-filing penalty under section 6699.  At trial, however, petitioner took the position that it timely requested a six-month extension of the March 15, 2011, due date to September 15, 2011, and filed its 2010 Form 1120S on October 15, 2011, and is therefore liable for a penalty of $195 on the basis of a filing delinquency of one month.

## Discussion

In a collection review hearing a taxpayer is entitled to challenge the liability sought to be collected if the taxpayer did not have a prior opportunity to do so.  Sec. 6330(c)(2)(B).  Petitioner's argument that it is not liable for the late-filing penalty is a challenge to the underlying liability respondent seeks to collect.  See Callahan v. Commissioner, 130 T.C. 44, 49 (2008).  Petitioner did not previously

---

[8] The notice of determination is a bit ambiguous in that it concludes that "[t]he proposed levy is appropriate, and Collections may proceed with enforced collection action" in respect of the outstanding assessment (i.e., $2,145, plus accruals), but the notice then goes on to "recommend" that the penalty be partially abated (by $537), apparently consistent with the settlement officer's aforementioned settlement offer of February 26, 2013.

have an opportunity to dispute the liability. Therefore, petitioner is entitled to challenge its liability in the instant case.

In reviewing a determination of the IRS Office of Appeals concerning a challenged liability, the Court applies a de novo standard of review. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Therefore, we review the determination regarding petitioner's underlying liability de novo.

Generally, an S corporation does not pay Federal income tax. Sec. 1363(a). Rather, its shareholders are taxed on their respective shares of the S corporation's income. Sec. 1366(a)(1). However, the S corporation must file an annual return reporting its income and other matters on a Form 1120S. Sec. 6037(a); sec. 1.6037-1(a), Income Tax Regs. Section 6699(a) and (b) provides that an S corporation that does not timely file its annual return is liable for a penalty equal to $195 per shareholder for every month the return is late (but not to exceed 12 months). The penalty is not imposed if the failure to timely file the return is due to reasonable cause. Sec. 6699(a).

In the instant case respondent produced a certified transcript for 2010 reflecting that a Form 7004 to extend the due date of petitioner's 2010 return was not filed. Furthermore, the certified transcript shows that respondent received petitioner's 2010 return on January 31, 2012.

A.  Timeliness of Petitioner's 2010 Tax Return

Petitioner disagrees with respondent's calculation of the penalty.  First, petitioner contends that it timely requested an extension of time (to September 15, 2011) to file its 2010 tax return.  Second, petitioner contends that it filed its return on October 15, 2011, and not on January 31, 2012, as respondent's official records reflect.  Notably, petitioner's contentions serve as a concession that it is liable for the penalty on the basis of a one-month delinquency in the filing of its return.

Regarding petitioner's first contention, Mr. Austin testified that he sent the Form 7004 by first-class mail on March 15, 2011.  However, respondent has no record of ever receiving a Form 7004 from petitioner for 2010.  Mr. Austin argued that he has requested an extension for every tax year since 2002, yet petitioner offered no record of these requests for extension.  In contrast, respondent's certified records, to which petitioner stipulated, show requests for extension as having been received for only 6 of the 12 tax years alleged by Mr. Austin.

On the record before us we are unable to find that petitioner filed a Form 7004 for 2010.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); see also Shea v. Commissioner, 112 T.C. 183, 189 (1999).  To the contrary, we find that no Form 7004 was filed and that petitioner's 2010 tax return was therefore due on March 15, 2011.  See sec. 1.6081-3(a)(2), Income Tax Regs.

Next, petitioner contends that it filed its 2010 return on October 15, 2011, and not on January 31, 2012, as respondent's official records reflect.[9] Yet, petitioner did not offer any documentation to support its contention regarding the mailing of its return. Further, petitioner has a history of filing its returns late, having failed to timely file for at least 2002 through 2012.

On the record before us, we are unable to find that petitioner filed its 2010 return any earlier than January 31, 2012. See Tokarski v. Commissioner, 87 T.C. at 77; see also Shea v. Commissioner, 112 T.C. at 189.

B.  Reasonable Cause

We consider next whether there was reasonable cause for petitioner's failure to file its 2010 return on time. See sec. 6699(a).

Section 6699 was first added to the Code in 2007 under the Mortgage Forgiveness Debt Relief Act of 2007, Pub. L. No. 110-142, sec. 9(a), 121 Stat. at 1807. Although no regulatory interpretation of the penalty has been adopted by the Department of the Treasury, another court has analogized the exculpatory provision of section 6699(a) to the reasonable cause provision of section 6651(a)(1). Kipperman v. IRS (In re 800Ideas.com, Inc.), 496 B.R. 165, 172-175

_____

[9] Petitioner acknowledges that this date is one month late even if it had received an extension of time to file. Therefore, according to petitioner, the late-filing penalty should be $195.

(B.A.P. 9th Cir. 2013); see sec. 301.6551-1(c)(1), Proced. & Admin. Regs. (providing that the exercise of ordinary business care and prudence may constitute reasonable cause).

Petitioner has not made any persuasive argument that it acted with ordinary business care and prudence or otherwise had reasonable cause not to timely file its return. Quite the opposite, petitioner has a history of late filing and for 2002 through 2012 never timely filed its annual tax return, even for those years in respect of which it requested an extension of time to file.

C. Adequacy of Respondent's Notices

Finally, petitioner contends that (1) it was not properly informed of the specific Code section, i.e., section 6699, that gave rise to the penalty at issue and that (2) it was therefore not aware of the statutory basis for the liability at issue. However, the record reflects that petitioner was advised (1) that the underlying liability was attributable to a penalty for petitioner's failure to timely file its 2010 Form 1120S and (2) the manner in which the penalty was calculated. Moreover, petitioner sought abatement of the penalty throughout the administrative hearing. Even if petitioner was not aware of the specific Code section, it was aware of the return involved, the nature of the error charged, and the amount of the assessment. See Wheeler v. Commissioner, 127 T.C. 200, 205 (2006), aff'd, 521 F.3d 1289

(10th Cir. 2008); cf. sec. 7522.  Finally, given Mr. Austin's educational background and profession, it strains credulity that he was somehow unable to fathom what was at issue and proceed accordingly.  In short, the Court rejects as unfounded the suggestion that petitioner was somehow denied due process or that the SO failed to verify that all requirements of applicable law and administrative procedure were satisfied.  See Conway v. Commissioner, 137 T.C. 209, 215 (2011), aff'd sub nom. Nakano v. Commissioner, 552 Fed. Appx. 724 (9th Cir. 2014).

## Conclusion

To give effect to our disposition of the disputed issue,

Decision will be entered for

respondent.[10]

_____

[10] In entering decision for respondent and thereby sustaining the notice of determination, the Court assumes that respondent will give effect to any concession that may have been made by the IRS Office of Appeals.  See supra note 8.