T.C. Memo. 2015-183

UNITED STATES TAX COURT

RONALD G.S. AU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16466-13L.                       Filed September 21, 2015.

Ronald G.S. Au, pro se.

<u>D. Anthony Abernathy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of

respondent's determination to sustain a lien filing relating to collection of his

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] unpaid trust fund recovery penalties (TFRPs) under section 6672 for the quarterly periods ended June 30, September 30, and December 31, 2009, and March 31, June 30, and September 30, 2010 (periods in issue). The issues for decision as to the periods in issue are: (1) whether petitioner may challenge the manner in which payments he made to the IRS before the periods in issue were applied; (2) whether respondent abused his discretion by concluding that the correspondence hearing in this case constituted a proper CDP hearing; and (3) whether respondent abused his discretion by failing to consider collection alternatives.

FINDINGS OF FACT

I.    Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Hawaii at the time he filed his petition.

Petitioner was president, vice president, treasurer, and sole shareholder of Gourmet Delite, Inc. (Gourmet Delite), from 2005 to 2010. Gourmet Delite employed approximately 50 employees but was never a profitable enterprise. Gourmet Delite's gross receipts were insufficient to cover its operating costs, and Gourmet Delite eventually stopped paying its employment taxes. The Internal

[*3] Revenue Service (IRS) determined that petitioner was a responsible person liable for Gourmet Delite's unpaid taxes for the periods in issue. On July 4, 2011, respondent assessed TFRPs against petitioner for the periods in issue.

II. Petitioner's Collection Due Process (CDP) Hearing

On June 19, 2012, the IRS mailed petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On June 28, 2012, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, for the periods in issue. In his Form 12153 petitioner requested: (1) a CDP hearing or an equivalent hearing; (2) an offer-in-compromise (OIC); and (3) a lien discharge. In an attachment to his Form 12153, petitioner also stated the following: "I request that the equivalent hearing be held in the jurisdiction of Honolulu, Hawaii."

Petitioner received a letter from Appeals dated September 12, 2012, acknowledging receipt of his Form 12153. The letter advised petitioner that if he wanted to request a face-to-face hearing, he should do so within 15 days of the date of the letter. The letter included Settlement Officer Cochran's contact information and informed petitioner that he could contact Settlement Officer Cochran with any questions regarding the Appeals process and how to prepare for his CDP hearing.

**[*4]** On April 22, 2013, Settlement Officer Cochran sent petitioner a letter acknowledging receipt of petitioner's CDP hearing request, providing her contact information, and scheduling a telephone CDP hearing for May 20, 2013, at 9 a.m. (Hawaii time). Settlement Officer Cochran advised petitioner that if the scheduled time was inconvenient or if he wanted to request a face-to-face hearing, he should contact her within 14 days of the date of the letter. Settlement Officer Cochran also stated that she could consider collection alternatives at the hearing only if petitioner provided: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals and (2) proof of estimated tax payments for 2012 and 2013. Petitioner received the April 22, 2013, letter. Petitioner neither submitted any of the requested documents nor contacted Settlement Officer Cochran before the telephone CDP hearing.

On May 20, 2013, Settlement Officer Cochran called petitioner at the scheduled time, but he was unavailable. Petitioner had left his cellular phone plugged into a charger and was three or four rooms away from his phone when the call came in. Settlement Officer Cochran left a message on his voice mail which included her contact information.

On May 20, 2013, Settlement Officer Cochran mailed petitioner a letter stating that she had called him at the scheduled time to conduct the CDP hearing

[*5] and had received no response. The letter also indicated that she would make a determination by reviewing the administrative file and any information he had previously submitted and advised petitioner that if he wanted to provide additional information he should do so within 14 days of the date of the letter.

Also on May 20, 2013, petitioner called Settlement Officer Cochran at 1:58 p.m. (Hawaii time) and left a voice mail message. Shortly thereafter, petitioner sent Settlement Officer Cochran a letter stating that he had unsuccessfully attempted to contact her after missing the telephone CDP hearing. In the letter petitioner also asserted that he had made voluntary payments of over $300,000 that the IRS should have applied against his TFRPs.

On May 21, 2013, Settlement Officer Cochran called petitioner and left him a voice mail message with her contact information. In response petitioner sent another letter to Settlement Officer Cochran dated May 28, 2013, reiterating that he had made voluntary payments of $300,000 to the IRS. The letter also stated the following: "So there is no further miscommunication, I am requesting that the Collection Due Process Hearing be conducted in Honolulu, Hawaii. * * * Please confirm in writing that I can have a due process hearing in person, rather than by telephone, in Honolulu, Hawaii." At no time did petitioner send Settlement Officer Cochran any additional documentation to support his assertion that he had

**[*6]** designated $300,000 in voluntary payments to be applied against his TFRPs for the periods in issue.

Settlement Officer Cochran did not grant petitioner a face-to-face hearing. She concluded that petitioner's request for a face-to-face hearing in his May 28, 2013, letter was not timely because her April 22, 2013, letter gave him until the close of business on May 7, 2013, to request a face-to-face hearing. Additionally, Settlement Officer Cochran concluded that petitioner's request for a face-to-face hearing in his attachment to his original Form 12153 was deficient because it did not explicitly state that he was requesting a face-to-face hearing. During the course of the CDP hearing petitioner did not propose any collection alternatives.

On June 18, 2013, the IRS issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 sustaining the lien action at issue.[2] On July 17, 2013, petitioner timely petitioned this Court for review of the determination notice.

---

[2] The notice of determination also states that Settlement Officer Cochran (1) verified that the requirements of applicable law and administrative procedure were met and (2) determined that the lien filing appropriately balanced the need for efficient collection of taxes with petitioner's concern that these collection actions be no more intrusive than necessary.

**[*7]**                                    OPINION

I.      Section 6672:  Trust Fund Recovery Penalties

An employer is required to withhold various taxes from an employee's wages and then pay over to the Commissioner the withheld income tax, see secs. 3402(a)(1), 3403, the employee's share of Social Security tax, see secs. 3101(a), 3201(a), and Medicare tax, see secs. 3101(b)(1), 3201(a).  The withheld taxes are "held to be a special fund in trust for the United States."  Sec. 7501(a).  As a result, they are known as "trust fund taxes".  See Slodov v. United States, 436 U.S. 238, 243 (1978); see also Pollock v. Commissioner, 132 T.C. 21, 25 n.10 (2009).

One of the means of ensuring that trust fund taxes are collected and paid over to the Government is section 6672.  See Purcell v. United States, 1 F.3d 932, 936 (9th Cir. 1993).  Section 6672(a) provides that any person required to collect, truthfully account for, and pay over any tax who willfully fails to do so is liable for a TFRP.  The Commissioner is authorized to impose a TFRP on any "officer or employee of a corporation, or a member or employee of a partnership who as such officer, employee, or member is under a duty to perform" the duties referred to in section 6672.  Sec. 6671(b); Conway v. Commissioner, 137 T.C. 209, 214 (2011), aff'd sub nom. Nakano v. Commissioner, 552 F. App'x 724 (9th Cir. 2014).

[*8] II.    <u>CDP Hearing</u>

    A.    <u>In General</u>

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment of the tax has been made and the taxpayer fails to pay the tax.  Section 6320(a) provides that the Secretary shall furnish the taxpayer with a notice of Federal tax lien filing (NFTL) within five business days after the notice of lien is filed.

If a taxpayer requests a hearing in response to an NFTL pursuant to section 6320, a hearing shall be held before an impartial officer or employee of Appeals. Sec. 6320(b)(1), (3).  The hearing under section 6320 generally shall be conducted in a manner consistent with the procedures set forth in section 6330(c), (d), and (e).  Sec. 6320(c).  CDP hearings are informal and do not require the Appeals officer and the taxpayer to hold a face-to-face meeting.  <u>See</u> <u>Katz v. Commissioner</u>, 115 T.C. 329 (2000).

At the hearing the taxpayer may raise any relevant issue, including spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the

**[*9]** requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1), (3).

Following a hearing Appeals must determine whether to sustain the filing of the notice of lien.  In making that determination Appeals is required to take into consideration:  (1) the verification required by section 6330(c)(1); (2) relevant issues raised by the taxpayer; and (3) whether the lien filing appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

B.     Standard of Review

Section 6330(d)(1) grants this Court jurisdiction to review Appeals' determination in connection with a CDP hearing.  Where the validity of the underlying tax liability is properly at issue, we review the taxpayer's liability de novo.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

C.     Abuse of Discretion

Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999);

**[\*10]** <u>see also</u> <u>Tinnerman v. Commissioner</u>, T.C. Memo. 2010-150, <u>aff'd</u>, 448 F. App'x 73 (D.C. Cir. 2012).  Acting without a sound basis in fact or law means that an agency such as the IRS "makes an error of law * * * or rests its determination on a clearly erroneous finding of fact * * * [or] 'applies the correct law to facts which are not clearly erroneous but rules in an irrational manner.'"  <u>United States v. Sherburne</u>, 249 F.3d 1121, 1125-1126 (9th Cir. 2001) (citations omitted) (quoting <u>Friedkin v. Sternberg (In re Sternberg)</u>, 85 F.3d 1400, 1405 (9th Cir. 1996)); <u>see also</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 402-403 (1990).  To find a decision clearly erroneous, the reviewing court must have a "definite and firm conviction" that an error has been committed.  <u>Dickinson v. Zurko</u>, 527 U.S. 150, 162 (1999) (citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)).  A taxpayer generally bears the burden of proving abuse of discretion.  Rule 142(a); <u>Titsworth v. Commissioner</u>, T.C. Memo. 2012-12.

III.  <u>Analysis</u>

A.  <u>Designation of Voluntary Payments</u>

Petitioner argues that he designated $300,000 in voluntary payments to be applied against his TFRPs and that respondent should have honored that designation.  At the CDP hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection method.  Sec. 6330(c)(2)(A).

**[\*11]** Generally, a taxpayer must raise an issue at a CDP hearing to preserve it for this Court's consideration. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. The merits are not properly raised if the taxpayer mentions an issue but fails to present Appeals with any evidence regarding that issue after being given a reasonable opportunity to do so. See Delgado v. Commissioner, T.C. Memo. 2011-240; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

There is nothing in the record to show that petitioner provided any evidence to Settlement Officer Cochran in regard to this issue. Settlement Officer Cochran gave petitioner sufficient time to submit evidence of his alleged designation, but he failed to do so. Instead, petitioner simply made unsupported statements that he had properly designated the application of voluntary payments against his TFRPs. Accordingly, we find that petitioner did not properly raise this issue during the CDP hearing, and therefore he cannot dispute this issue before this Court.

B.    Proper CDP Hearing

Petitioner argues that he was not afforded a face-to-face hearing and that, in fact, a CDP hearing never occurred. Respondent argues that the correspondence between Settlement Officer Cochran and petitioner constituted a proper CDP hearing. We agree with respondent.

[*12] A CDP hearing is an informal proceeding, not a formal adjudication. See Katz v. Commissioner, 115 T.C. at 337-338. Although a CDP hearing may occur face-to-face, a proper hearing may also occur by telephone or by correspondence. See id.; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Once a taxpayer has been given a reasonable opportunity for a hearing but does not avail himself of that opportunity, the Appeals officer may make a determination based on the administrative file. Calafati v. Commissioner, 127 T.C. 219, 223 (2006). Thus, an Appeals officer does not necessarily abuse her discretion by not providing a face-to-face CDP hearing. See LaForge v. Commissioner, T.C. Memo. 2013-183 (noting that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion when the taxpayer fails to provide requested financial information).

Petitioner argues that he requested a face-to-face CDP hearing in his attachment to his Form 12153, where he stated: "I request that the equivalent hearing be held in the jurisdiction of Honolulu, Hawaii." Although one may infer from this statement that petitioner requested a face-to-face CDP hearing, it is by no means clear. Regardless, on the basis of our overall review of the record, we conclude that the correspondence between Settlement Officer Cochran and petitioner constituted a proper CDP hearing. First, during the course of the CDP

**[\*13]** hearing, petitioner was offered multiple opportunities to request a face-to-face CDP hearing.  The only time he clearly did so, he made the request three weeks after the deadline that Settlement Officer Cochran imposed.  Second, petitioner was given an opportunity to participate in a telephone CDP hearing on May 20, 2013, but failed to take advantage of it.  Third, although requested to do so on several occasions, petitioner failed to submit requested documentation.  Thus, we find that the correspondence hearing in this case constituted a proper CDP hearing.

    C.    <u>OIC</u>

Petitioner also argues that Settlement Officer Cochran abused her discretion by failing to consider an OIC.  Respondent argues that petitioner was ineligible for a collection alternative because he failed to submit the required information.  We agree with respondent.  It is not an abuse of discretion for Appeals to decline to consider a collection alternative where no written proposal is ever placed before the Appeals officer.  See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); O'Neil v. Commissioner, T.C. Memo. 2009-183.  Petitioner never made a concrete proposal in writing for an OIC.  Petitioner's failure to submit an OIC justified respondent's determination not to consider an OIC.

**[*14]** In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.