T.C. Memo. 2021-141

UNITED STATES TAX COURT

BRIAN K. BUNTON AND KAREN A. BUNTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20438-19L.                    Filed December 28, 2021.

Brian K. Bunton and Karen A. Bunton, pro sese.

Aimee R. Lobo-Berg, Melissa D. Lang, Catherine J. Caballero, and Ara
Derhartonian, for respondent.

MEMORANDUM OPINION

WEILER, Judge:  Petitioners, Brian K. Bunton and Karen A. Bunton, timely
petitioned this Court pursuant to section 6330(d)(1)[1] to review a determination of

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code as in effect at all relevant times, and all Rule references are to the

**[\*2]** the Internal Revenue Service (IRS) Office of Appeals (Appeals)[2] sustaining a

levy upon petitioners' State tax refund to collect a tax liability arising from tax

year 2016.  The Commissioner of Internal Revenue (respondent) filed his answer,

and the parties subsequently filed a motion to submit this case for decision

under Rule 122, reflecting their agreement that the relevant facts could be

presented without trial.  For the reasons set forth below, we find that Appeals did

not abuse its discretion in upholding the IRS' enforcement action against

petitioners.

<u>Background</u>

The parties filed a stipulation of facts and attached exhibits to the stipulation

including the administrative record[3] of petitioners' matter before Appeals.  Those

---

Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2] On July 1, 2019, the IRS Office of Appeals was renamed as the Internal Revenue Service Independent Office of Appeals.  <u>See</u> Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019).  As the events in this case largely predate that change, we use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

[3] The facts in this opinion are derived from the administrative record developed before Appeals.  In <u>Robinette v. Commissioner</u>, 123 T.C. 85, 95 (2004), <u>rev'd</u>, 439 F.3d 455 (8th Cir. 2006), we held that "when reviewing for abuse of discretion under section 6330(d), we are not limited by the Administrative Procedure Act * * * and our review is not limited to the administrative record".  However, the Court of Appeals for the Ninth Circuit has concluded otherwise,

**[\*3]** stipulated facts are so found and are incorporated herein by this reference.[4]

Petitioners resided in California when they filed their petition.

In April 2017 petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for tax year 2016, reporting their address as xxxx[5] Pepperwood Way,

---

holding that the so-called record rule applies to collection due process (CDP) cases involving an abuse of discretion standard before this Court. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, rev'g in part decisions in related cases; see also Belair v. Commissioner, 157 T.C. 10 (2021) (explaining the application of the administrative record rule). Under sec. 7482(b)(1)(G), appeal of this case would lie in the Court of Appeals for the Ninth Circuit, absent a stipulation by the parties to the contrary. Accordingly--and in circumstances when the underlying liabilities are not at issue--our review of Appeals' determination for abuse of discretion in the instant case is limited by the record rule. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

[4] The parties submitted this case under Rule 122, and we ordered the parties to file simultaneous briefs, setting a schedule for opening and reply briefs. In his reply brief respondent lodged a general objection to all facts in petitioners' opening brief for failure to include a proposed findings of fact in accordance with Rule 151(e)(3). Specifically, respondent argues that petitioners' opening brief "contain[s] multiple, compound and unnumbered statements of fact instead of single, numbered and concise statements." Rule 151(e)(3) requires an opening brief to contain proposed findings of fact in the form of numbered statements based on the record, with reference to the pages of the transcript, exhibits, or other sources relied upon to support the statements. Although petitioners did not include proposed findings of fact as required under Rule 151(e)(3), they included in their opening and reply briefs references to the administrative record, objections to respondent's proposed findings, and citations of the record. It is this Court's function to resolve the differences in the parties' proposed findings of fact, subject to objections, and adopt its own findings of fact on the basis of the record before the Court. See sec. 7459.

[5] The address has been partially redacted for confidentiality.

[*4] San Jose, California (Pepperwood Way).  Shortly thereafter petitioners' 2016

Form 1040 was selected for examination by the IRS.  On June 1, 2017, the IRS

sent petitioners a letter scheduling an appointment for August 3, 2017, to discuss

unreported income from two 2016 Forms W-2, Wage and Tax Statement.  On their

Form 1040 petitioners did not report their wages as listed on the Forms W-2 but

instead attached two Forms 4852, Substitute for Form W-2, Wage and Tax

Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or

Profit-Sharing Plans, IRAs, Insurance Contracts, etc., along with a signed cover

letter stating:

> We are private sector workers.  We do not live or work in
> Washington, D.C., Puerto Rico, Guam or any Federal territory.  We
> do not work for the U.S. Federal Government.  We do not make any
> income from foreign transactions and we are not foreigners living in
> the United States who derive any income.  Therefore, payments made
> to us by these private sector companies did not result from any taxable
> activity and do not constitute any taxable income under relevant law.

On June 12, 2017, after examining petitioners' Form 1040, the IRS sent

petitioners a letter and a copy of the revenue agent's examination report indicating

that they had unreported income of $153,759 and $179,418 from Fulcrum

Bioenergy and Virgin America, respectively.[6]

---

[6] This IRS correspondence was a standard IRS Letter 915, commonly known as a 30-day letter.  The letter included publications on the examination process and advised petitioners of their right to request a conference with Appeals.

[*5] On or about June 1, 2017, the IRS submitted to the U.S. Postal Service (USPS) an "Address Information Request" or "Postal Tracer" to confirm petitioners' Pepperwood Way address. On or about June 23, 2017, the IRS received confirmation from the USPS that mail was deliverable to petitioners at this address.

On August 2, 2017, petitioners' representative under a power of attorney, Tim D. Brewer, faxed to respondent Forms 2848, Power of Attorney and Declaration of Representative, for petitioners. The Forms 2848 were properly executed by petitioners and reported Pepperwood Way as their mailing address.

On September 1, 2017, the IRS closed the examination of petitioners' 2016 Form 1040 and mailed by certified mail a statutory notice of deficiency (SNOD) to the Pepperwood Way address, determining a tax deficiency of $80,488 and an accuracy-related penalty under section 6662(a) of $16,097.[7] The SNOD informed petitioners that their last day to file a petition with this Court was November 30, 2017. A copy of the SNOD was also sent to Mr. Brewer on September 1, 2017. The USPS returned the SNOD addressed to Pepperwood Way in its original

---

[7] Respondent later conceded the accuracy-related penalty under sec. 6662 for tax year 2016 "due to lack of timely managerial approval".

[*6] envelope stamped "unclaimed" to the IRS. Petitioners did not file a petition with this Court disputing the SNOD.

On October 8, 2018, approximately one year after issuing the SNOD, the IRS sent petitioners a Notice CP92, Seizure of Your State Tax Refund and Notice of Your Right to a Hearing (levy notice).[8] The Levy Notice also informed petitioners of their right to request a CDP hearing. Petitioners timely requested a hearing by submitting Form 12153, Request for a Collection Due Process or Equivalent Hearing. However, on their completed Form 12153, they failed to include their phone number and did not check any box requesting a collection alternative. Instead, they checked the "Other" box on their Form 12153 and stated as follows:

> We are disputing the alleged taxes and penalties associated with these taxes. We would like verification that the IRS performed all the procedures that are required by law. We would like to request a face-to-face hearing closes[sic] to where we live, which we intend to record. If at the end of the hearing it is found that we owe the tax, then we would like to discuss all the available collection alternatives available to us.

---

[8] Respondent levied against $12 of petitioners' State tax refund and applied it to their balance due for tax year 2016.

[*7]   On March 5, 2019, the IRS sent petitioners a letter requesting that they file their overdue Form 1040 for tax year 2017.  Petitioners did not submit a tax return for 2017.

On May 31, 2019, a settlement officer was assigned to petitioners' case. Shortly after her assignment the settlement officer reviewed the IRS account transcripts for petitioners' tax year 2016.  The settlement officer confirmed that the SNOD was sent to petitioners' Pepperwood Way address, reviewed the certified mail list for the copies of the SNOD sent to petitioners, pulled the tracking information based on the tracking numbers for the mailed copies of the SNOD, and reviewed copies of the SNOD and the envelope marked "unclaimed" by the USPS and returned to the IRS.  The settlement officer also established, on the basis of her review of IRS transcripts, that the IRS had mailed notice and demand to petitioners on or about March 5, 2018.

On July 1, 2019, the settlement officer sent a letter to petitioners scheduling a telephone hearing for August 14, 2019, and offering a face-to-face conference or written correspondence hearing as an alternative.  The letter further stated that the settlement officer intended to contact petitioners' representative and provided her telephone number in case petitioners' representative needed to reschedule the conference.  In addition the letter included a copy of the previously issued SNOD

**[*8]** and stated that petitioners would not be able to dispute the underlying tax liability because the IRS had properly issued the SNOD and mailed it to their last known address. The settlement officer's letter stated that they could submit evidence as to why the SNOD "was not claimed and/or returned unclaimed to the [S]ervice". The letter also advised that in order to be considered for any collection alternatives, petitioners needed to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, as well as their delinquent Forms 1040 for tax years 2017 and 2018. A copy of the settlement officer's letter was sent to Mr. Brewer.

On August 10, 2019, petitioners sent the settlement officer a letter titled: "[In] re: our year 2016 Collection Due Process Hearing; [y]our July 1, 2019 letter; please [a]bate these taxes which have been imposed in violation of certain Internal Revenue Code". In the letter petitioners cited section 301.6330-1(d), Proced. & Admin. Regs., and requested a face-to-face meeting with Appeals in an office location closest to their residence. Although they did not dispute the fact that the Pepperwood Way address was their last known address, they contended that the IRS never sent notice and demand and that the SNOD was "void as a matter of law" because it did not contain a written declaration under penalty of perjury.

[*9] Petitioners also questioned whether the person who signed the SNOD had delegated authority to issue such notices.

On August 14, 2019, the date of the scheduled CDP hearing, the settlement officer contacted Mr. Brewer. Mr. Brewer informed her that he no longer represented petitioners. The settlement officer informed Mr. Brewer that she intended to call petitioners directly; however she was unable to do so since petitioners had provided no telephone number on their Form 12153. On August 16, 2019, the settlement officer received petitioners' letter dated August 10, 2019.

On August 19, 2019, the settlement officer sent petitioners a letter stating that they had missed their CDP conference on August 14, 2019. The letter again advised petitioners to send in the requested information, i.e., Form 433-A and outstanding tax returns, within 14 days. On September 17, 2019, petitioners sent the settlement officer a second letter stating they still wanted a face-to-face hearing at an Appeals office closest to their residence to "go over all of the issues [petitioners] brought up in [their] August 10, 2019 letter". However, petitioners furnished no additional documentation or information with this second letter.

On October 15, 2019, Appeals issued to petitioners a Notice of Determination Concerning Collection Actions for tax year 2016 (notice of determination). In the summary portion of the notice of determination, Appeals

[*10] stated that the notice of intent to levy was appropriate under the circumstances and Appeals sustained the levy.[9] More specifically, the notice of determination stated that the settlement officer reviewed the records and information petitioners had furnished to ensure that the assessment was properly made for the 2016 tax liability; notice and demand for payment was properly mailed to their last known address; there was a balance due when the notice of intent to levy was issued; and the settlement officer had no prior involvement with respect to the specific tax period in Appeals.

On the basis of the settlement officer's review of the case, Appeals denied petitioners' request for a face-to-face hearing. The notice of determination concluded that a face-to-face meeting was not allowed because petitioners were barred under section 6330(c)(2)(B) from challenging the underlying tax liability during the CDP hearing. Moreover, because petitioners failed to request a collection alternative, the notice of determination concluded that the levy is appropriate in this case.

---

[9] The Notice of Determination states that the notice of intent to levy was appropriate under the circumstances. However, the record shows that a notice of levy on petitioners' State tax refund rather than a notice of intent to levy was sent to petitioners.

**[*11]** <u>Discussion</u>

I.      <u>Standard of Review</u>

Under section 6330(d)(1) we have jurisdiction to review the determination by Appeals in a CDP case. <u>See also</u> <u>Clark v. Commissioner</u>, 125 T.C. 108 (2005) (holding that the Court has jurisdiction under section 6330(d) to review the determination of Appeals sustaining the levy upon a taxpayer's State tax refund). Where the taxpayer's underlying tax liability is properly at issue, the Court reviews the liability determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). The taxpayer may challenge the validity of his tax liability in a CDP hearing only if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability. <u>See</u> 6330(c)(2)(B); <u>see also</u> <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000). The Court will review the other administrative determinations by Appeals for abuse of discretion. <u>See</u> <u>Craig v. Commissioner</u>, 119 T.C. 252, 260 (2002). Abuse of discretion exists when the determination was arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

**[\*12]** II.     Challenge to the Underlying Liability

Since raised by petitioners the Court will first consider whether their underlying tax liability is at issue.

A.     The Legal Standard To Challenge the Underlying Liability

Section 6330(c) prescribes the matters that the taxpayer may raise at a CDP hearing; namely, "any relevant issue relating to the unpaid tax" including "the appropriateness of collection actions".  Sec. 6330(c)(2)(A)(ii).  However, the taxpayer may not raise issues relating to the existence or amount of the underlying tax liability if the taxpayer has received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability.  See sec. 6330(c)(2)(B).  Therefore, we must first determine whether petitioners received an SNOD or otherwise had an opportunity to challenge the underlying tax liability.  See id.

The Court's determination of whether a taxpayer has received a notice of deficiency, precluding a challenge to the underlying tax liability under section 6330(c)(2)(B), is made "[o]n the preponderance of the evidence".  Sego v. Commissioner, 114 T.C. at 611.  The Commissioner generally has prevailed in foreclosing challenges to the underlying liability under section 6330(c)(2)(B) where he establishes that a notice of deficiency was mailed to the taxpayer's last known address and the taxpayer fails to offer credible evidence to rebut the

**[*13]** presumption of official regularity and of delivery.  See, e.g., Klingenberg v. Commissioner, T.C. Memo. 2012-292, at *14-*15, aff'd, 670 F. App'x 510 (9th Cir. 2016); Rivas v. Commissioner, T.C. Memo. 2012-20, 2012 WL 141745, at *5; Cyman v. Commissioner, T.C. Memo. 2009-144, 2009 WL 1748863, at *4-*5; Casey v. Commissioner, T.C. Memo. 2009-131, 2009 WL 1606226, at *4; Bailey v. Commissioner, T.C. Memo. 2005-241, 2005 WL 2591914, at *5.  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial; the notice is valid.[10]  See, e.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).[11]

We have also held that the IRS was justified in believing that a notice of deficiency was mailed to the correct address and that the taxpayer simply failed

---

[10] The taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return unless the IRS is given clear and concise notification of a different address.  Sec. 301.6212-2(a), Proced. & Admin. Regs.

[11] Where a taxpayer specifically alleges in a CDP hearing that he never received a notice of deficiency, an Appeals officer cannot rely solely on tax transcripts to verify that a notice has been sent.  See Hoyle v. Commissioner, 131 T.C. 197, 205 n.7 (2008), supplemented by 136 T.C. 463 (2011).  Instead, the Appeals officer is to review the actions of the IRS when the notice of deficiency was issued and the underlying documents to confirm that the correct mailing address was used to send the notice of deficiency to the taxpayer.  Id.  Even when the notice was properly mailed, a taxpayer may be able to challenge the underlying liability when he or she can establish nonreceipt of the notice.  Id.; see, e.g., Nguyen v. Commissioner, T.C. Memo. 2020-97, at *10.

**[\*14]** to claim it, when the notice was returned to the IRS marked "unclaimed" and there was no evidence in the record that the IRS was aware either before or immediately after the mailing of the notice of deficiency that the address of record was incorrect.  See Thomas v. Commissioner, T.C. Memo. 1998-438, aff'd without published opinion, 194 F.3d 1305 (4th Cir. 1999).

B.      Petitioners' Argument Challenging the Underlying Liability

Throughout the CDP proceeding petitioners sought to challenge the underlying liability.  However, the record shows that an SNOD for tax year 2016 was sent to petitioners by certified mail at the Pepperwood Way address on September 1, 2017.  A copy of the SNOD was also sent to petitioners' representative, Mr. Brewer.  The administrative record reflects that the IRS had submitted to the USPS an "Address Information Request" or "Postal Tracer" for petitioners' current address and received confirmation that mail was deliverable to them.  The IRS had verified their current mailing address before issuing the SNOD, the same address they reported on their Forms 2848.

Before Appeals petitioners failed to provide any specific evidence to explain why the SNOD was not claimed and/or returned unclaimed to the IRS.  They do not dispute that the Pepperwood Way address was their last known address when

[*15] the SNOD was mailed to them, nor did they offer any evidence that they provided the IRS with any address other than the Pepperwood Way address.

The administrative record reflects that the settlement officer exercised reasonable diligence in determining that copies of the SNOD were properly sent to petitioners' last known address. First, the settlement officer confirmed that the Pepperwood Way address was their last known address and that the IRS properly sent the SNOD to this mailing address. Next, she reviewed the certified mailing list, copies of the SNOD, and the envelope marked "unclaimed" by the USPS to confirm that the IRS sent the SNOD to them. Thus, as they have failed to offer any credible evidence to the contrary, petitioners are deemed to have received the SNOD and to have had a prior opportunity to challenge the underlying tax liability. See sec. 6330(c)(2)(B); Hoyle v. Commissioner, 131 T.C. 197, 205 n.7 (2008), supplemented by 136 T.C. 463 (2011).

Consequently, petitioners were properly precluded from challenging the underlying tax liability at the CDP hearing, and their underlying tax liability is not properly before the Court. See Sego v. Commissioner, 114 T.C. at 611; Cyman v. Commissioner, 2009 WL 1748863, at *5.

**[\*16]** III.      <u>Review of Appeals' Determination</u>

Because the validity of petitioners' underlying tax liability is not properly at issue, we will now review respondent's other administrative determinations for abuse of discretion.  In reviewing for abuse of discretion we will reject the determination of the Appeals Office only if the taxpayer proves that the determination was arbitrary, capricious, or without sound basis in fact or law.  <u>See</u> Rules 142(a), 122(b); <u>Murphy v. Commissioner</u>, 125 T.C. at 308.  We do not substitute our judgment for that of Appeals but consider whether Appeals, in the course of making its determination:  (1) verified that the requirements of applicable law and administrative procedure have been met; (2) considered all relevant issues raised by the taxpayer, including offers of collection alternatives such as an offer-in-compromise; and (3) determined whether any proposed or actual collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

IV.      <u>Prior Notice and Demand</u>

Under section 6331(a), if any taxpayer liable to pay any tax neglects or refuses to do so after notice and demand, the Commissioner is authorized to collect the unpaid amount by way of levy.  In general a taxpayer must be provided with

[*17] written notice of the legal right to a CDP hearing and an opportunity for a hearing before a levy on the taxpayer's property may be initiated. Secs. 6331(d), 6330(a)(1). Once notice is given by the IRS, the taxpayer has 30 days from the date of the notice to request a CDP hearing. Secs. 6331(d)(2), 6330(a)(2); sec. 301.6330-1(a), Proced. & Admin. Regs. A CDP hearing request made by the taxpayer within the 30-day period will generally stay any proposed IRS collection activity until Appeals has issued a determination. See sec. 6330(e). However, in limited instances levies are permitted before the taxpayer is notified of the right to a CDP hearing, one example being a State tax refund levy. See sec. 6330(f)(2); see also sec. 301.6330-1(a)(2)(i), Proced. & Admin. Regs.

Notwithstanding the requirements of sections 6330 and 6331, after an assessment has been made, the IRS must first notify the taxpayer as soon as practicable, but no later than 60 days after the assessment, of the amount of tax due along with demand for payment. Sec. 6303(a); Conway v. Commissioner, 137 T.C. 209, 218-219 (2011), aff'd sub nom. Nakano v. Commissioner, 552 F. App'x 724 (9th Cir. 2014). Although no particular form of notice is required, notice and demand must be sent by mail to the taxpayer's last known address or left at their dwelling or usual place of business. Sec. 6303(a). Without notice and demand the IRS cannot levy against the taxpayer's property. Sec. 6331(d); see also Romano-

[*18] Murphy v. Commissioner, 152 T.C. 278, 294 (2019) (outlining the process in which the IRS obtains a tax lien under secs. 6321 and 6322).

V.     Analysis

    A.     Verification That the Requirements of Applicable Law and Administrative Procedure Were Met

When issuing a notice of determination, Appeals must verify that all requirements of applicable law and administrative procedure have been met by the IRS.  Sec. 6330(c)(1), (3)(A); Hoyle v. Commissioner, 131 T.C. at 202.

Petitioners argue that they cited several applicable statutes and regulations in connection with their CDP hearing request.  According to petitioners, Appeals' deeming their arguments "frivolous" suggests that Appeals has not verified that the requirements of applicable law and administrative procedure have been met because citations of statutes and regulations are valid statements of law and therefore these legal arguments cannot possibly be "frivolous".  Petitioners further argue that Appeals failed to address any of the verification of legal and administrative procedure issues raised in their August 10, 2019, letter, thereby violating section 6330(c)(2)(A).  Finally, petitioners argue that they did not receive prior notice and demand from the IRS as required by section 6303(a).  The Court finds petitioners' arguments to be without merit.  The settlement officer determined that the IRS followed the requirements of applicable law and

[*19] administrative procedure in issuing the Levy Notice. The notice of determination noted that petitioners' tax for 2016 was duly assessed, and the requisite notices were timely mailed to petitioners at their last known address.

As respondent correctly argues, the IRS need not send the taxpayer a notice of the opportunity for a hearing before levy when it levies on a State tax refund. See sec. 6330(f)(2). And while this exception to notice and opportunity for a hearing before levy does not (and cannot) waive the legal requirement of prior notice and demand under section 6303(a), Conway v. Commissioner, 137 T.C. at 219, the record before the Court shows that notice and demand was sent to petitioners by the IRS on or about March 5, 2018, in compliance with section 6303. Because there is no credible evidence before the Court that the requirements of applicable law and administrative procedure were not satisfied, we conclude that the settlement officer did not abuse her discretion in making her determination as to this requirement.[12]

B.      Relevant Issues Petitioners Raised

Appeals is required to consider any relevant issue raised by a taxpayer during a hearing, including challenges to the appropriateness of collection action

---

[12] Notice and demand need only be sent to the taxpayer's last known address (rather than actually received) to be valid. See sec. 6303(a); Arroyo v. Commissioner, T.C. Memo, 2013-112, at *5.

**[*20]** and collection alternatives offered. The only remaining issue petitioners raise is that the settlement officer inappropriately attempted to contact petitioners' former representative, Mr. Brewer, and failed to contact them on the date of their scheduled CDP hearing. Thereafter they requested a face-to-face meeting in an Appeals office closest to the place of their residence, but their request was denied. They contend that they were not afforded a face-to-face hearing and in fact, a CDP hearing never occurred.

In the letter scheduling the telephone conference, the settlement officer stated that she planned on contacting petitioners' representative, Mr. Brewer. She also sent a copy of the letter to Mr. Brewer. Both letters included the settlement officer's phone and fax numbers and advised them to contact her in case the conference needed to be rescheduled. Even though both petitioners and Mr. Brewer were informed of the settlement officer's intention to contact Mr. Brewer on the day of the telephone hearing and had ample time to communicate with the settlement officer, they never informed her that the hearing was to be held with petitioners and not with their representative. On the day of the scheduled hearing, the previously filed power of attorney was still valid; no revocation had been received by the Appeals Office. The settlement officer requested that petitioners' representative submit a revocation of the power of attorney and provided her fax

[*21] number.  Yet no such form followed.  Because petitioners had not provided a telephone number in their Form 12153 nor in the subsequent letters, the settlement officer was unable to call them on the day of the scheduled hearing.

Furthermore, the settlement officer did not abuse her discretion in denying petitioners a face-to-face meeting.[13]  Throughout the CDP proceeding, petitioners only sought to improperly challenge the underlying liability.  They did not request a collection alternative, and the record shows that they never submitted the financial information, Form 433-A, that was required for evaluation of their ability to pay the liabilities.  The settlement officer also requested that they submit their 2017 and 2018 Forms 1040, but they failed to submit the outstanding tax returns by the deadline without explanation.  Consequently, Appeals properly determined that they were not entitled to a face-to-face hearing.  Although they argue that no

---

[13] Petitioners also argue that Appeals abused its discretion by not granting their request for a face-to-face Appeals hearing at the closest Appeals office to their home.  However, their argument regarding their right to a face-to-face hearing is misplaced.  There is no abuse of discretion when a face-to-face hearing is denied because a taxpayer refused to present nonfrivolous arguments, file past-due returns, and submit financial information.  Toth v. Commissioner, T.C. Memo. 2010-227.  Once a taxpayer is given a reasonable opportunity for a hearing and fails to avail himself of that opportunity (as in this case), the Court may sustain the Commissioner's determination to proceed on the basis of an Appeals officer's review of the case file.  See Rivas v. Commissioner, T.C. Memo. 2012-20, 2012 WL 141745, at *5 (citing Bean v. Commissioner, T.C. Memo. 2006-88, Ho v. Commissioner, T.C. Memo. 2006-41, and Leineweber v. Commissioner, T.C. Memo. 2004-17).

[*22] hearing was held, petitioners were given opportunities to participate in a telephone conference and to provide any evidence for Appeals to consider, and they failed to take advantage of these opportunities. On the basis of these facts, we find that the correspondence between the parties constituted a CDP hearing in this case. See Kipp v. Commissioner, T.C. Memo. 2015-7. We hold that the settlement officer did not abuse her discretion in denying petitioners' request for a face-to-face hearing and that she considered all relevant issues as required under section 6330(c)(3).

C.    Balancing the Need for Efficient Collection of Taxes With Concerns That Collection Be No More Intrusive Than Necessary

Finally, the Court must consider whether Appeals balanced the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3)(C). Petitioners never submitted the requisite financial information or outstanding tax returns. The record shows that the settlement officer performed a balancing test based on the information she had and concluded that the levy on petitioners' State tax refund balanced the needs of collection with the concerns of petitioners.

We have considered all of the arguments that the parties made, and to the extent they are not addressed herein we consider them moot, irrelevant, or without merit.

[*23] To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.