T.C. Memo. 2011-240

UNITED STATES TAX COURT

DANIEL & MAGDELENA DELGADO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13864-10L.                    Filed October 3, 2011.

<u>Lorenzo W. Tijerina</u>, for petitioners.

<u>Brock E. Whalen</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to
notices of determination concerning collection action with
respect to petitioners' Federal income tax liabilities for 2004
and 2006.  The issue for decision is whether the Internal Revenue
Service (IRS) Appeals Office abused its discretion by sustaining
the filing of a notice of Federal tax lien.  Unless otherwise

indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated as our findings by this reference. Petitioners resided in Texas at the time their petition was filed.

Petitioners filed joint Federal income tax returns for 2004 and 2006. The 2004 tax liability was assessed on May 30, 2005. Petitioners entered into an installment agreement with the IRS to pay the tax reported due for 2004 and made monthly payments from July 2005 through September 2008. No notice of deficiency was sent to petitioners with respect to their outstanding 2004 tax liability.

The IRS examined petitioners' 2006 tax return, determined a tax deficiency, and sent a notice of deficiency to them at their last known address on March 31, 2008. Petitioners failed to respond to three U.S. Postal Service notices of attempted delivery, and the notice of deficiency was returned to the IRS marked "Unclaimed". The outstanding tax liability for 2006 was assessed on September 1, 2008.

The outstanding tax liabilities for 2004 and 2006 remained unpaid and, on August 27, 2009, the IRS sent petitioners a notice of Federal tax lien filing informing them of their right to a hearing under section 6320.  In the notice, the IRS informed petitioners that a Notice of Federal Tax Lien was being filed that same day.

Petitioners responded to the Federal tax lien filing by submitting a completed Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Petitioners noted their reason for disagreeing with the filing of the lien as follows:  "Upon review by the taxpayer it appears that the tax preparer did not prepare the tax returns at issue correctly and the taxpayer is willing to enter into an installment agreement or an offer in compromise."

The Appeals Office responded by letter dated March 23, 2010, acknowledging receipt of petitioners' request for a collection due process (CDP) hearing.  The letter addressed petitioners' statement that the 2004 and 2006 tax returns had been prepared incorrectly by informing them that for alternative collection methods such as an installment agreement or an offer-in-compromise to be considered they would need to submit corrected and signed tax returns for 2004 and 2006 within 14 days.  A telephone hearing was scheduled for April 20, 2010.  Petitioners

did not submit the information requested by the Appeals Office before the hearing.

On April 20, 2010, an IRS settlement officer conducted a CDP hearing with petitioners' representative. No collection alternative was offered for 2004 or 2006, and no challenge was raised with respect to the appropriateness of the IRS' collection action. During the telephone hearing, petitioners' representative did not dispute the compensation that resulted in the tax liabilities but stated that IRS transcripts that he had for petitioners showed no balance due for 2004. The settlement officer informed petitioners' representative that there remained a balance due and requested that he forward a copy of the described transcript. Upon receipt of the transcript, the settlement officer determined that it actually reflected a balance due for 2004, contrary to the claim by petitioners' representative.

The Appeals Office verified that the requirements of applicable law and administrative procedure had been met and determined that the filing of the lien was appropriate to protect the Government's interest. On May 13, 2010, notices of determination sustaining the lien were sent to petitioners.

Discussion

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes

after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. See sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). See sec. 6320(c). Under section 6330(c)(2)(A) a taxpayer may raise any relevant issue at a CDP hearing, including "challenges to the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. See secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

Challenges to the underlying tax liability may be raised during the CDP hearing only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability. See sec. 6330(c)(2)(B). To dispute the underlying liability, a taxpayer must properly raise the merits

of the underlying liability as an issue during the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 112-116 (2007); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present the Appeals Office with any evidence with respect to that liability after being given reasonable opportunity to present such evidence.  See sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

The IRS sent a notice of deficiency to petitioners for 2006 that was returned to the IRS marked "Unclaimed".  The Commissioner has generally prevailed in foreclosing challenges to the underlying liability under section 6330(c)(2)(B) where he establishes that a notice of deficiency was mailed to the taxpayer's last known address and no factors are present that rebut the presumption of official regularity and of delivery. See, e.g., Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Clark v. Commissioner, T.C. Memo. 2008-155.  However, we do not address whether the notice of deficiency for 2006 foreclosed challenges to the underlying liability for that year because petitioners were given the opportunity to provide amended tax returns for 2004 and 2006 to address disputes they had with the underlying liabilities.  Petitioners did not file an amended return for 2004 or 2006.

At the hearing petitioners' representative notified the settlement officer that he had copies of IRS transcripts for petitioners that reflected no balance due for 2004. Upon review of these documents, the settlement officer informed petitioners' representative the transcripts did in fact show a balance due for 2004.

Where the issue is "the amount of tax owed that remains unpaid", we review the determination of the Appeals Office de novo as this is a challenge to the validity of the underlying tax liability when it is properly raised. Boyd v. Commissioner, 117 T.C. 127, 131 (2001). However, petitioners' incorrect claim that the IRS transcripts reflected no balance due for 2004 was insufficient on its own to challenge the underlying tax liability.

Therefore, petitioners may not contest the underlying liabilities and must establish that the issuance of the notices of determination sustaining the lien filing was an abuse of discretion. See Sego v. Commissioner, supra at 609-610. An abuse of discretion is shown only if the action of the Appeals officer was arbitrary, capricious, or without sound basis in fact or law. See Giamelli v. Commissioner, supra at 111.

Petitioners contend that it was an abuse of discretion for the IRS to uphold the filing of the Federal tax lien because they were not given sufficient time to submit amended tax returns for

2004 and 2006.  As we stated in <u>Roman v. Commissioner</u>, T.C. Memo.
2004-20:

> No statutory or regulatory provision requires that
> taxpayers be afforded an unlimited opportunity to
> supplement the administrative record.  * * * The
> statute only requires that a taxpayer be given a
> reasonable chance to be heard prior to the issuance of
> a notice of determination. * * *

Further, the Appeals Office shall "attempt to conduct a CDP
hearing and issue a Notice of Determination as expeditiously as
possible under the circumstances."  Sec. 301.6330-1(e)(3), Q&A-
E9, Proced. & Admin. Regs.; see also <u>Murphy v. Commissioner</u>, 125
T.C. 301, 322 (2005) (citing <u>Clawson v. Commissioner</u>, T.C. Memo.
2004-106), affd. 469 F.3d 27 (1st Cir. 2006).

The settlement officer informed petitioners by letter dated
March 23, 2010, that corrected tax returns for 2004 and 2006 had
to be submitted before the hearing for collection alternatives to
be considered.  Petitioners' representative agreed to have the
hearing on April 20, 2010.  During the hearing, petitioners'
representative did not challenge the validity of the IRS'
collection action and offered no collection alternatives on
petitioners' behalf.  Petitioners did not supply amended returns
and did not request an extension of the original deadline of 14
days before the notices of determination were sent on May 13,
2010.  Through submission of this case in February 2011,
petitioners have not provided any proof that the assessed amounts
for 2004 and/or 2006 are not correct.

After verifying that the requirements of applicable law and administrative procedure had been met, the Appeals Office concluded that the filing of the notice of Federal tax lien balanced the need for efficient collection of taxes with petitioners' concern that the collection be no more intrusive than necessary. See sec. 6330(c)(3). Respondent used the available methods under the Internal Revenue Code for protecting the United States' claims against subsequent creditors by filing the Federal tax lien, and the record shows that the decision of the Appeals Office to sustain the filing of the Federal tax lien was not arbitrary, capricious, or without sound basis in fact or law.

We have considered all arguments made, and to the extent not mentioned or addressed, we conclude that they are without merit or irrelevant. To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.