T.C. Memo. 2015-154

UNITED STATES TAX COURT

JOE SEIPEL AND JEAN SEIPEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7633-12L.                    Filed August 11, 2015.

Joe Seipel and Jean Seipel, pro sese.

<u>Charles B. Burnett</u>, <u>Randall Craig Schneider</u>, and <u>Inga C. Plucinski-</u>
<u>Holbrook</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  This case arises from a petition for judicial review filed

in response to a Notice of Determination Concerning Collection Action(s) Under

[*2] Section 6320 and/or 6330[1] with respect to petitioners' Federal income tax liabilities for 2003-05 (years in issue). The issues for decision as to the years in issue are: (1) whether petitioners may challenge their underlying tax liabilities and, if so, whether any adjustment is appropriate and (2) whether respondent abused his discretion in sustaining the filing of the notice of Federal tax lien (NFTL).

FINDINGS OF FACT

I. Background

Some of the facts have been stipulated and are so found. The stipulated facts and exhibits are incorporated by this reference.

Mr. Seipel has a bachelor's degree in forestry and business, a master's degree in business administration, and a doctorate in education. During the years in issue Mr. Seipel was a real estate appraiser, doing business as "Market Research Group". During the years in issue Mr. Seipel neither hired a bookkeeper nor maintained good business records.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for each of the years in issue. The Internal Revenue Service (IRS) selected

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, in effect at all relevant times.

[*3] petitioners' returns for examination. The IRS determined deficiencies in Federal income tax, additions to tax pursuant to section 6651(a)(1), and accuracy-related penalties pursuant to section 6662(a) for the years in issue.

On May 6, 2008, the IRS mailed notices of deficiency for the years in issue to petitioners. The notices of deficiency were returned to the IRS as "unclaimed". Petitioners did not file a petition with the Court contesting the deficiency determinations, and the IRS assessed petitioners' tax liabilities for the years in issue.

On July 26, 2008 petitioners sent a letter to respondent seeking audit reconsideration. By a letter dated January 22, 2010, respondent informed petitioners that no changes would be made pursuant to the petitioners' audit reconsideration request. On February 15, 2010, petitioners sent a protest letter, which was signed only by Mr. Seipel, to respondent. The protest letter did not, however, comply with all of the requirements for a formal protest letter. Petitioners were not granted an appeal.

II.     Petitioners' Collection Due Process (CDP) Hearing

On November 2, 2010, the IRS mailed petitioners Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to their outstanding income tax liabilities for the years in issue. In

[*4] response to Letter 3172, petitioners submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, which was received by the IRS on December 10, 2010. On Form 12153, petitioners indicated that the amounts listed in the NFTL were incorrect and that the filing of the NFTL was premature because the tax liabilities for the years in issue were still under consideration.

The IRS assigned petitioners' CDP hearing to Settlement Officer Linda Andrews on April 20, 2011. On January 5, 2012, Settlement Officer Andrews mailed petitioners a letter scheduling a telephone CDP hearing. In the January 5, 2012, letter Settlement Officer Andrews instructed petitioners to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and documentation to support their contention that the tax liabilities determined by the IRS were incorrect. Settlement Officer Andrews attached to the January 5, 2012, letter copies of the notices of deficiency and Forms 4549, Income Tax Examination Changes. Petitioners failed to submit the requested documentation by the deadline.

Settlement Officer Andrews and Mr. Seipel conducted a CDP hearing on February 15, 2012, via telephone. During the CDP hearing Settlement Officer Andrews asked Mr. Seipel if he had additional information that he wanted Appeals to consider regarding petitioners' underlying tax liabilities for the years in issue.

**[*5]** Mr. Seipel stated that all the information respondent had was wrong and that he wanted to litigate the issue in Tax Court. Mr. Seipel neither proposed any collection alternatives nor advanced any legitimate reason the NFTL should be withdrawn.

On February 28, 2012, the IRS mailed petitioners a notice of determination sustaining the NFTL filing.[2] Petitioners, while residing in Montana, timely petitioned this Court for review of the determination.

OPINION

I.      Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment of the tax has been made and the taxpayer fails to pay the tax. Section 6320(a) provides that the Secretary shall furnish the taxpayer with a notice of NFTL filing within five business days after the NFTL is filed.

If a taxpayer requests a hearing in response to an NFTL pursuant to section 6320, a hearing shall be held before an impartial officer or employee of Appeals. Sec. 6320(b)(1), (3). The hearing under section 6320 generally shall be conducted

---

[2] Before the notice of determination was issued, Settlement Officer Andrews verified that all legal and administrative requirements for collection had been met.

**[*6]** in a manner consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing Appeals must determine whether to sustain the filing of the NFTL. In making that determination Appeals is required to take into consideration: (1) the verification required by section 6330(c)(1); (2) relevant issues raised by the taxpayer; and (3) whether the proposed lien appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

[*7] Section 6330(d)(1) grants this Court jurisdiction to review Appeals' determination in connection with a collection hearing. Where the validity of the underlying tax liability is properly at issue, we review the taxpayer's liability de novo. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

II.    Challenges to the Underlying Liabilities

At the CDP hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection method. Sec. 6330(c)(2)(A). Generally, a taxpayer must raise an issue at a CDP hearing to preserve it for this Court's consideration. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present Appeals with any evidence regarding that liability after being given a reasonable opportunity to do so. See Delgado v. Commissioner, T.C. Memo. 2011-240; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioners disputed their underlying liabilities on their Form 12153. However, nothing in the record shows that petitioners provided any evidence to

[*8] Settlement Officer Andrews to dispute respondent's calculation of their underlying liabilities.  Settlement Officer Andrews gave petitioners multiple opportunities to dispute their liabilities, but petitioners did not take advantage of these opportunities.  Mr. Seipel did not identify any specific error in respondent's calculations.  Instead, during the CDP hearing Mr. Seipel simply made the unsupported statement that all the information respondent had was wrong.  Accordingly, we find that petitioners did not properly raise their underlying liabilities during the CDP hearing, and therefore they cannot dispute their liabilities here.

III.    Abuse of Discretion

Where, as here, the existence and amount of the taxpayers' underlying tax liabilities are not at issue, we review the Commissioner's determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.  Appeals abuses its discretion if its determination is "arbitrary, capricious, or without sound basis in fact or law."  Giamelli v. Commissioner, 129 T.C. at 111.  Petitioners have not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the NFTL filing was arbitrary, capricious, or without sound basis in fact or law.  Petitioners did not submit any financial information during the CDP hearing, nor

**[*9]** did they offer any collection alternative. Appeals determined that the requirements of applicable law and administrative procedure were met and concluded that sustaining the NFTL filing appropriately balanced the need for efficient collection of taxes with petitioners' concerns regarding the intrusiveness of the lien action. Accordingly, we hold that Appeals did not abuse its discretion by sustaining the NFTL filing.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.