T.C. Summary Opinion 2020-3

UNITED STATES TAX COURT

SURESH ANISETTI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18423-17S L.                    Filed January 14, 2020.

Steven Z. Ettinger, for petitioner.

Rachel L. Schiffman, for respondent.

SUMMARY OPINION

COLVIN, Judge:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Section references are to the Internal Revenue Code in effect at all relevant
times.  Rule references are to the Tax Court Rules of Practice and Procedure.  We
(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), respondent sustained a notice of intent to levy (notice of levy) issued with respect to what respondent contends is petitioner's unpaid tax liability for 2014. This case is now before the Court on respondent's motion for summary judgment. We conclude that there is no dispute of material fact, that respondent's determination was not an abuse of discretion, and that respondent is entitled to summary judgment.

## Background

Some of the facts have been stipulated and are so found.

A.    The Notice of Levy and Petitioner's Request for a Collection Due Process Hearing

On February 3, 2017, respondent sent petitioner the notice of levy which stated that petitioner owed $9,095 in tax, $446 in additional interest, and $1,225 for a section 6651(a)(2) addition to tax for failure to timely pay tax for 2014. Petitioner timely sent Form 12153, Request for a Collection Due Process or

---

[1](...continued)
round monetary amounts to the nearest dollar. Petitioner was a resident of New Jersey when the petition was filed.

Equivalent Hearing (CDP hearing request). In his CDP hearing request petitioner alleged that respondent's determination of the amount of his tax liability was incorrect because petitioner is entitled to unspecified deductions for 2014 not allowed by respondent. In the letter petitioner also said that he would like to discuss an offer-in-compromise or have the Internal Revenue Service acknowledge that he cannot pay the balance respondent alleges he owes. He also stated that: (1) he is unemployed, (2) his reasonable expenses exceed his income, (3) he had "been suffering from * * * serious/major depression to heart, liver and other[] [illnesses] for more than a decade", and (4) because of his poor health he is not liable for any penalties.

B.    The CDP Hearing

On April 21, 2017, the settlement officer (SO) assigned to petitioner's case sent him a letter stating that she had scheduled a telephone CDP hearing with him for May 22, 2017. The record includes the first and last pages of the letter but does not show how many pages are missing. Respondent contends that on the missing page or pages the SO asked petitioner to submit: (1) Form 1040X, Amended U.S. Individual Income Tax Return, for 2014 if he wanted to amend his 2014 tax return; (2) Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (with at least the most recent three months

of documents substantiating the information stated on the Form 433-A); (3) Form 656, Offer in Compromise; and (4) a copy of his 2016 tax return. The last page of the letter directed petitioner to send the requested documents to the SO by May 5, 2017. Petitioner did not submit any documents by May 5 or speak by telephone to the SO on May 22, 2017.

The SO sent another letter to petitioner on May 26, 2017. The record includes only the first page of that letter. On that page the SO asked petitioner to provide items (1) to (3) listed above. That page does not provide a deadline for petitioner to respond or request that he submit a copy of his 2016 return.

Petitioner left voice mails for the SO on June 16 and 19, 2017. The SO returned petitioner's calls on June 19, 2017. During the call petitioner said that he had lost his phone and misplaced the April 21, 2017, letter. The SO rescheduled the CDP hearing for July 6, 2017, and said that petitioner must submit the documents she had requested by July 3, 2017. Petitioner stated that he would fax the information to the SO, but he did not do so.

The SO and petitioner spoke by phone on July 6, 2017. During the call petitioner expressed confusion about the forms and said he might need help in completing them. The SO explained to petitioner how to complete the Form 433-A and told him that he must submit the documents to her by July 13.

Petitioner neither objected to that deadline nor submitted the documents. Petitioner did not present documents or other information relating to the amount of his underlying liability during the CDP hearing.

On July 25, 2017, respondent sent petitioner a notice of determination sustaining the notice of levy. Petitioner then timely petitioned this Court, asking that we remand the case to give him more time to submit the required materials.

## Discussion

Respondent contends that there is no dispute of material fact and that the determination in the notice was not an abuse of discretion. Petitioner opposes respondent's motion for reasons discussed below.

A.   Summary Judgment

Summary judgment is designed to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or part of the legal issues presented if "there is no genuine dispute as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Respondent, as the party moving for summary judgment, bears the burden of showing that there is no genuine dispute as to any material fact, and all factual

inferences will be drawn in a manner most favorable to petitioner.[2]  See

Sundstrand Corp v. Commissioner, 98 T.C. at 520.

During a CDP hearing a taxpayer may dispute the Commissioner's

determination of the existence or amount of the underlying tax liability if the

taxpayer did not otherwise have an opportunity to dispute the tax liability.

Sec. 6330(c)(2)(B).  However, a taxpayer may not dispute the Commissioner's

determination of the existence or amount of the underlying tax liability in this

Court if the taxpayer did not present sufficient information during the CDP

hearing process with respect to that issue after being given a reasonable

opportunity to do so.  Delgado v. Commissioner, T.C. Memo. 2011-240; sec.

301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  We review the

Commissioner's determination de novo if the existence or amount of the

taxpayer's underlying liability is properly at issue.  Goza v. Commissioner, 114

T.C. 176 , 181-182 (2000).  We review all other issues considered in a CDP

hearing for abuse of discretion.  Id. at 182.  An abuse of discretion occurs if the

SO exercises his or her discretion arbitrarily, capriciously, or without sound basis

in fact or law.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

_____

[2]We held a hearing on respondent's motion for summary judgment.  Nothing in the hearing record supports a conclusion different from the one we have reached here.

B.     Petitioner's Contentions

1.     Underlying Tax Liability

Petitioner contends that he is entitled to claim unspecified additional deductions for his 2014 tax year.  Respondent contends, and we agree, that petitioner cannot now dispute the existence or amount of his underlying tax liability, including the addition to tax, because he did not provide sufficient information regarding the amount of his underlying liability during the CDP hearing.  See Pough v. Commissioner, 135 T.C. 344, 349-352 (2010).

2.     Collection Alternatives

Petitioner contends that the SO abused her discretion by refusing to discuss a collection alternative.  We disagree.  Petitioner did not submit any of the documents (such as a completed Form 656) requested by the SO during the CDP process.  The SO gave petitioner adequate notice to provide the documents.  The SO attempted to accommodate petitioner by extending the deadline to provide the information.  Without the documents the SO could not evaluate petitioner's requests.

Petitioner contends that his failure to provide financial information requested by respondent was due to poor health and that the state of his health is an issue of material fact.  Petitioner has offered no documentation to substantiate

his health conditions. Petitioner has made minimal efforts to cooperate with respondent's reasonable requests for information even though he was able to timely request a CDP hearing and file a petition with this Court. Under these circumstances respondent's issuance of a notice of determination without consideration of petitioner's request for collection alternatives was not an abuse of discretion.

3.    Alimony

In petitioner's opposition to the motion for summary judgment he stated that in June 2018, 10 months after he had filed his petition with the Court, the child support program of the New Jersey Department of Human Services notified him that he had received overpayments of alimony totaling $8,500 in 2014 and (on the basis of his testimony at our hearing on respondent's motion) amounts less than $8,500 per year in 2015 and 2016; that he was required to repay the overpayments through reductions in his alimony payments, apparently beginning in 2017; that the balance owing as of July 2018 is around $14,000; and that after his overpayments are recouped his annual alimony payment will be $56,000, not $64,500.

Petitioner contends that this development is a change of material fact that changes his tax liability for 2014 and precludes summary judgment. Contrary to

petitioner's understanding, because he is a cash basis taxpayer, repayment in a later year of an overpayment received in 2014 does not change his tax liability for 2014. Instead, he is taxable on the amount of income he actually received in each year. See Krim-Ko Corp. v. Commissioner, 16 T.C. 31, 40 (1951); Hamlett v. Commissioner, T.C. Memo. 2004-78. Thus, the tax savings (if any) from the repayment in a later year of his 2014-16 alimony overpayments begin in 2017. On the basis of this record this changed circumstance does not merit remand of the case.

## C. Conclusion

Resolution by summary judgment is appropriate if there are no genuine disputes regarding any material fact and the moving party is entitled to judgment as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Upon due consideration of the foregoing, we will grant respondent's motion for summary judgment. Respondent's determination as set forth in the notice of determination dated July 25, 2017, upon which this case is based, is sustained.

An appropriate order and decision will be entered for respondent.