157 T.C. No. 1

UNITED STATES TAX COURT

MORRIS F. GARCIA, DECEASED, AND SHARON GARCIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7612-20P.                    Filed July 19, 2021.

Ps have an unpaid joint tax liability exceeding $500,000 for
2012.  R certified Ps' liability to the Secretary of State as a "seriously
delinquent tax debt" under I.R.C. sec. 7345(b) and issued Ps separate
(but substantially identical) notices of certification.  Ps filed a joint
petition challenging the correctness of R's certifications, urging that
R had failed to consider an offer-in-compromise they had previously
submitted.

R subsequently discovered that Ps' offer-in-compromise was
processable and remained pending.  R determined that the pendency
of their offer suspended collection of their tax debt so that the debt
was not "seriously delinquent."  R accordingly reversed his certifi-
cations as erroneous and so notified the Secretary of State.

Because the certifications that Ps disputed have been reversed,
R filed a motion to dismiss on the ground of mootness, contending
that Ps have received all of the relief to which they are entitled.  Ps
objected to the granting of the motion.

**Served 07/19/21**

Held: Married taxpayers who receive separate but substantially identical notices of certification arising from the same tax liability may file a joint petition, in the same manner as in a deficiency case under Tax Court Rule 34(a)(1).

Held, further, because R has reversed his certifications as erroneous and so notified the Secretary of State, Ps' challenge in that respect is moot.

Held, further, the Court lacks authority under I.R.C. sec. 7345(e) to address the merits of Ps' offer-in-compromise.

Sharon Garcia, pro se.

Susan K. Bollman and John S. Hitt, for respondent.

OPINION

LAUBER, Judge: This passport case is before the Court on a dispositive motion filed by the Internal Revenue Service (IRS or respondent). Section 7345, enacted in 2015, is captioned "Revocation or Denial of Passport in Case of Certain Tax Delinquencies."[1] It provides that, if the Commissioner certifies that an individual has a "seriously delinquent tax debt," that certification shall be transmitted

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

"to the Secretary of State for action with respect to denial, revocation, or limitation of a passport." Sec. 7345(a). A taxpayer aggrieved by such action may petition this Court "to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." Sec. 7345(e)(1).

In early 2020 the IRS issued petitioners separate (but substantially identical) notices informing them that it had certified to the Department of State (State Department) that they were persons owing a "seriously delinquent tax debt." See sec. 7345(b). Petitioners jointly petitioned this Court for review of the two notices. At a time not disclosed by the record, but after the petition was filed, Morris F. Garcia died.

On November 2, 2020, the IRS reversed its certification of petitioners as persons owing a seriously delinquent tax debt, citing their submission of a processable offer-in-compromise of the liability referenced in the two notices. On January 29, 2021, respondent filed a motion to dismiss on the ground of mootness, contending that petitioners have received all of the relief to which they are entitled, that this Court can afford no further relief at this juncture, and that the case is therefore moot. We agree and accordingly will grant the motion.

Background

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits attached thereto. Petitioners, husband and wife, resided in California when they petitioned this Court.

As of January 1, 2020, petitioners had an unpaid Federal income tax liability for 2012, a year for which they filed a joint return. On February 10, 2020, the IRS issued Sharon Garcia a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt, showing an unpaid liability of $583,803 for 2012. On March 2, 2020, the IRS issued Morris F. Garcia a substantially identical Notice CP508C, showing the same delinquent tax debt for 2012. These notices informed petitioners that the IRS had certified to the State Department that they were persons owing a seriously delinquent tax debt.[2]

On July 10, 2020, petitioners jointly petitioned this Court for review, attaching copies of both Notices CP508C. On July 16, 2020, petitioners filed a second joint petition for review, again appending copies of both notices, and that petition

---

[2]Section 7345 outlines a two-step procedure whereby the Commissioner sends certification to the Secretary of the Treasury, who then transmits the certification to the Secretary of State. In practice the IRS follows a one-step procedure whereby the Commissioner, as the Secretary's delegate, transmits the certification directly to the State Department. See sec. 7701(a)(11); Internal Revenue Manual pt. 5.1.12.27.1, .6, .8 (Dec. 20, 2017).

was docketed at No. 10671-20. On November 16, 2020, we granted respondent's motion to close the case at docket No. 10671-20 on the ground of duplication with the instant case.

In their earlier petition, petitioners alleged that they had submitted to the IRS an offer-in-compromise of their 2012 tax liability, predicating the offer on doubt as to liability. See sec. 7122(a); sec. 301.7122-1(b)(1), Proced. & Admin. Regs. They alleged that they had filed, in October 2019, an amended return for 2012, reporting what they believed their correct tax liability to be. Urging that the IRS had improperly rejected their offer, they asked us to determine that their certifications as persons owing a seriously delinquent tax debt were erroneous. They also requested "declaratory relief" to the effect that their offer-in-compromise "was erroneously denied in violation of * * * [their] rights." At a time not disclosed by the record, but after the petition was filed, Morris F. Garcia died.

In his answer to the petition respondent confirmed that petitioners had submitted an offer-in-compromise for 2012 and that their offer "was subsequently deemed processable and remains pending." Respondent represented that the IRS was "in the process of reversing petitioners' certifications as individuals owing seriously delinquent tax debt." On November 2, 2020, the IRS reversed both certifications and so notified the State Department. Petitioners' account transcript

shows that their amended return for 2012 was "forwarded for processing" on October 31, 2019; that the IRS received their offer-in-compromise on December 4, 2019; and that an examination of their amended return commenced on February 28, 2020.  An account entry dated September 29, 2020, reads:  "Mandated reversal and/or exclusion from passport certification."  Account entries dated November 2, 2020, read:  "Passport certified seriously delinquent tax debt reversal."

On January 29, 2021, respondent filed a motion to dismiss on the ground of mootness, representing that the IRS had "notified the Secretary of State that the certifications of petitioners as individuals owing seriously delinquent tax debt were reversed on or about November 2, 2020."  He therefore contends that petitioners have received all of the relief to which they are entitled.  Counsel for petitioners timely filed an objection to respondent's motion.  Counsel for petitioners thereafter moved to withdraw, and we granted that motion.

## Discussion

### A.    Joint Filing of Petitions

Our jurisdiction over passport cases is defined by section 7345(e), captioned "Judicial review of certification."  It provides that a taxpayer who has received a notification under section 7345(d) "may bring a civil action against the United States in a [Federal] district court * * * or against the Commissioner in the Tax

Court." Sec. 7345(e)(1). Petitioners filed a joint petition for review of two separate notices of certification, one addressed to petitioner husband and the other to petitioner wife. Each notice references the same joint Federal income tax liability for the taxable year 2012.

Neither section 7345 nor our Rules expressly authorize the joint filing of a petition in a passport case. We thus confront a threshold question as to whether petitioners' joint filing was proper. Although respondent does not challenge the joint filing, we will address this issue because it is a question of first impression that may recur.[3]

Rule 34(a)(1) governs the filing of a petition in a "Deficiency or Liability Action." It provides that a separate petition ordinarily shall be filed "with respect to each notice" but that "a single petition may be filed seeking a redetermination with respect to all notices of deficiency or liability directed to * * * a husband and a wife individually." Ibid. In appropriate circumstances the Court "may require a severance and a separate case to be maintained with respect to" each notice. Ibid.

---

[3]The petition was filed 130 days after the second Notice CP508C was issued on March 2, 2020. Section 7345(e)(1) specifies no time limit for the commencement of a civil action. Cf. sec. 6213(a) (generally requiring that a petition in a deficiency case be filed within 90 days of the mailing of a notice of deficiency). The statute supplies no basis for finding the petition untimely. See Ruesch v. Commissioner, 154 T.C. 289, 295 (2020).

Under other circumstances the Court may order one (or both) taxpayers to ratify the petition. Rule 60(a)(1). In either situation "[m]isjoinder of parties is not ground for dismissal of a case." Rule 62.

For the content of petitions in cases other than deficiency and liability actions, Rule 34(c) cross-refers to the Rules governing those actions. But these other Rules do not address the question whether spouses may file a joint petition to secure review of notices issued to them separately. The Rules governing passport certification cases follow this pattern. Rule 351 governs the commencement of such actions, and Rule 351(b) describes generally what such a petition shall contain. But neither Rule addresses the possibility of a joint filing.

In this case petitioners received substantially identical notices of certification from the IRS. These notices informed them that they had a delinquent tax debt of $583,803, stemming from an unpaid joint Federal income tax liability for 2012, and that the IRS had certified to the State Department that they were persons owing a "seriously delinquent tax debt." Both petitioners presented the same question: "whether the certification was erroneous." See sec. 7345(e)(1). And both petitioners presented the same argument: that the certifications were "prematurely issued" because they had submitted an offer-in-compromise that remained pending at the IRS.

Although Rule 34(a) explicitly addresses only deficiency and liability actions, we conclude that its permission for joint filing extends by analogy to other types of cases in which the IRS issues separate notices to a married couple concerning the same tax liability. Equity and common sense surely support that result. "Marriage affords its entrants certain benefits, among them the option of filing joint returns." Vichich v. Commissioner, 146 T.C. 186, 193 (2016). It is natural for spouses to file a joint petition in these circumstances.

To hold otherwise would occasion unnecessary delay and expense. Where spouses present similar questions regarding the same liability, it would be wasteful to try their cases separately. If petitioners had filed separate petitions in response to their separate notices, we would almost certainly have consolidated their cases for trial, briefing, and opinion. See Rule 141(a). The cases would thus proceed in the same manner as where a joint petition was filed, except that petitioners would have paid two filing fees and respondent would have filed additional pleadings for no good reason.

Collection due process (CDP) cases present a similar paradigm. In those cases the IRS not infrequently issues married taxpayers separate notices of determination sustaining the same collection action for the same underlying liability. Rule 331(a) governs the commencement of CDP cases, and Rule 331(b) provides

general guidance about the contents of such petitions. These Rules, which are virtually identical to the Rules governing passport certification cases, do not address the possibility of joint filing. But married taxpayers have routinely filed joint petitions in these circumstances, and we have never questioned the propriety of their doing so. See, e.g., Spain v. Commissioner, T.C. Memo. 2021-58; Krehnbrink v. Commissioner, T.C. Memo. 2019-56; Garber v. Commissioner, T.C. Memo. 2015-14; Delgado v. Commissioner, T.C. Memo. 2011-240; Shaw v. Commissioner, T.C. Memo. 2010-210. We see no reason why different treatment should be mandated in passport certification cases.

B.  Section 7345 Overview

Section 7345(a) provides that, if the IRS certifies that a taxpayer has "a seriously delinquent tax debt," that certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation" of the taxpayer's passport. The IRS is responsible for notifying the taxpayer contemporaneously with the making of such certification. Sec. 7345(d).

A "seriously delinquent tax debt" is a Federal tax liability that has been assessed, exceeds $50,000 (adjusted for inflation), is unpaid and legally enforceable, and with respect to which a lien notice has been filed or levy made. Sec. 7345(b)(1), (f). Congress enacted several exceptions to this definition,

including "a debt that is being paid in a timely manner pursuant to an agreement to which the individual is [a] party under section * * * 7122," dealing with offers-in-compromise. See sec. 7345(b)(2)(A). The IRS has also added discretionary exceptions to the definition of "seriously delinquent tax debt." See Internal Revenue Manual (IRM) pt. 5.1.12.27.4 (Dec. 20, 2017). One of these exceptions covers a debt that is covered by an offer-in-compromise that is pending before the IRS, even if that offer has not yet been accepted. See id. pt. 5.1.12.27.4(1)(e) (excluding a "[d]ebt that is included in a pending Offer in Compromise"). Another exception covers the "[d]ebt of a deceased taxpayer." See id. pt. 5.1.12.27.4(1)(d).

If a certification "is found to be erroneous or if the debt with respect to such certification * * * ceases to be a seriously delinquent tax debt by reason of subsection (b)(2)," the IRS must reverse its certification and notify the Secretary of State and the taxpayer. Sec. 7345(c)(1), (d). "In the case of a certification found to be erroneous, such notification shall be made as soon as practicable after such finding." Sec. 7345(c)(2)(D).

Section 7345(e)(1) permits a taxpayer who has been certified as having a seriously delinquent tax debt to petition this Court to determine "whether the certification was erroneous or whether the * * * [IRS] has failed to reverse the certifi-

cation." If we find that a certification was erroneous, we "may order the Secretary [of the Treasury or her delegate] to notify the Secretary of State that such certification was erroneous." Sec. 7345(e)(2). The statute specifies no other form of relief that we may grant.

## C. Mootness

Because petitioner husband has died, this case would appear to be moot as to him. No representative of his estate has come forward to prosecute the case on his behalf, and it does not appear that a successor would have any continuing interest in litigating matters related to his passport. But there conceivably could be some circumstance in which his possession of a passport might remain meaningful.[4]

We need not confront that question here because subsequent events have rendered this case moot as to both petitioners. Respondent contends that there remains no justiciable case or controversy between the parties because the IRS has reversed its certifications and so informed the State Department. We agree.

---

[4]In Magnuson v. Baker, 911 F.2d 330, 331-332 (9th Cir. 1990), the State Department revoked the passport of a Canadian citizen, "asserting that the passport had been issued in error." The passport holder filed suit to challenge the revocation, but later died, and the Government urged that his claim had become moot. Id. at 332 n.4. The Ninth Circuit disagreed, ruling that "various legal interests may still turn on whether * * * [he] could retain his passport." Ibid.

Although the Tax Court is an Article I court, the "case or controversy" requirement under Article III applies to the exercise of our judicial power.  See Battat v. Commissioner, 148 T.C. 32, 46 (2017) (citing cases).  Accordingly, we will dismiss a case as moot if the parties' subsequent actions have produced a situation in which neither party retains any "legally cognizable interest in the outcome."  City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (quoting Cty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).  A case becomes moot when "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'"  Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (alteration in original) (quoting Monzillo v. Biller, 735 F.2d 1456, 1459 (D.C. Cir. 1984)).

In the case at hand, the IRS certified petitioners as persons owing a seriously delinquent tax debt.  Petitioners, believing those certifications to be erroneous, petitioned this Court for review.  The relief that they sought--and the relief that the statute authorizes us to grant, if we determine a certification to have been improper--is an order directing respondent to "notify the Secretary of State that such certification was erroneous."  Sec. 7345(e)(2).  Here, the IRS has conceded that its certifications were erroneous because petitioners had submitted an offer-in-compromise of their 2012 tax liability, an offer that had been determined to be pro-

cessable and remained pending.  See IRM pt. 5.1.12.27.4(1)(e) (excluding from definition of "seriously delinquent tax debt" a "[d]ebt that is included in a pending Offer in Compromise").  The IRS has accordingly reversed its certifications and has so notified the State Department.  Because petitioners have received all the relief that the statute authorizes us to grant, we can afford them no further remedy at this time.  See Ruesch v. Commissioner, 154 T.C. 289, 299 (2020).

D.      Petitioners' Arguments

Petitioners do not dispute that the IRS has reversed its certifications or that the State Department has been notified of that reversal.  Rather, they complain that they "have yet to be notified from Respondent's Offer in Compromise department that their Offer has now been accepted."  They contend that the IRS has made errors in processing their offer-in-compromise and delayed in examining their amended return.  They request that we "determine whether the rejection of * * * [their] Offer in Compromise was in error" and afford them "declaratory relief" to that effect.

This we are unable to do.  The Commissioner's decision regarding acceptance or rejection of an offer-in-compromise is discretionary.  See sec. 7122(a) ("The Secretary may compromise any civil or criminal case[.]"); Tucker v. Commissioner, 676 F.3d 1129, 1137 (D.C. Cir. 2012) (holding that the IRS did not

abuse its discretion in rejecting an offer-in-compromise), aff'g 135 T.C. 114 (2010), and T.C. Memo. 2011-67. In any event, we lack authority in a passport case such as this to afford the relief petitioners seek. Section 7345(e)(1) narrowly circumscribes our jurisdiction in passport cases: The only determination that the statute authorizes us to make is whether the Commissioner's certification of a taxpayer as a person owing a seriously delinquent tax debt (or the failure to reverse such a certification) "was erroneous." And the only relief that the statute authorizes us to grant is to order respondent "to notify the Secretary of State that such certification was erroneous." Sec. 7345(e)(2). We have no jurisdiction in a passport case to determine whether the Commissioner erred in determining the taxpayer's underlying liability for the tax period in question. See Ruesch, 154 T.C. at 295-299.

There appears to be an ongoing disagreement between petitioners and the IRS about their pending offer-in-compromise. But resolution of that dispute would have no effect whatever on the disposition of this passport case. The certifications petitioners challenged have already been determined to be erroneous--albeit on a different ground than the absence of a tax debt--and the IRS has so notified the State Department. These actions have afforded petitioners the relief to which they are entitled in this lawsuit. "For us to undertake to resolve issues that

would not affect the disposition of this case would, at best, amount to rendering an advisory opinion. This we decline to do." Greene-Thapedi v. Commissioner, 126 T.C. 1, 13 (2006) (citing LTV Corp. v. Commissioner, 64 T.C. 589, 595 (1975)). If the IRS again certifies to the State Department that petitioners are individuals owing a seriously delinquent tax debt, and if they believe that certification to be erroneous, they will be free to seek judicial review by commencing a new passport action at that time.

In consideration of the foregoing,

An order of dismissal on the ground of mootness will be entered.